**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge



101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

June 28, 2026

To:     Counsel of Record

Re:     Yardumian-Grubb v. MOM's Organic Market, Inc.
        Civil No. 25-1889-ELH

**LETTER OPINION & ORDER**

Dear Counsel:

Upon referral[1] from the Honorable Ellen L. Hollander, ECF No. 43, on July 20, 2026 the undersigned held a virtual hearing on Plaintiff's Motion to Compel Discovery, ECF No. 40-1. This letter summarizes the parties' arguments and the undersigned's rulings granting in part and denying in part components of the Motion.

Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil litigation: "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts "consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000); *see also Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) (a court may restrict discovery if "it determines that the discovery would be burdensome, duplicative, unnecessarily costly, or insufficiently probative to the issues in the litigation to warrant the expense of production"). "District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel." *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). In exercising their discretion, courts must administer the Federal Rules of Civil Procedure in a manner that secures the "just, speedy, and inexpensive determination" of every case. Fed. R. Civ. P. 1.

---

[1] *See* 28 U.S.C. § 636 and Local Rules 301 and 302.

**Time Scope of Discovery**

Plaintiff seeks discovery beginning in November, 2021, the first full month in which Plaintiff worked in Defendant's Jessup, Maryland retail location. ECF No. 40-1 at 9. (Plaintiff had worked at other MOM's locations for approximately 18 months prior to this transfer, ECF No. 1 at 4-5, but does not seek discovery from this earlier period.) In its discovery responses, Defendant generally limited its responses and document production to April 2023 onward.

Plaintiff argues that earlier documents and information may demonstrate Defendant's knowledge of Plaintiff's disability, accommodations received by Plaintiff over their full tenure at the location, and whether Defendant's stated reasons for terminating Plaintiff were pretextual. ECF No. 40-1 at 9. Defendant argues discovery should be limited to April 2023 forward because Plaintiff alleges no actionable conduct before that period. ECF No. 42 at 14.

The Court agrees that discovery should extend beyond the period proposed by Defendant. Documents and information predating the alleged adverse employment action may be relevant to Defendant's knowledge of Plaintiff's disability, accommodation requests, and employment history. The earlier start date appropriately strikes the proportionality balance of Federal Rule of Civil Procedure 26(b)(1) and is more in line with the typical temporal scope of discovery in employment cases. *See, e.g., Calloway-Durham v. N.C. Dep't of Just.,* No. 5:21-CV-371-BO, 2024 WL 694019, at *4 (E.D.N.C. Feb. 20, 2024) (collecting cases); *Proa v. NRT Mid-Atl., Inc.*, No. AMD-05-2157, 2008 WL 11363286, at *12 (D. Md. June 20, 2008) (collecting cases).

Accordingly, the Court will grant the motion to compel in this respect; Defendant shall supplement its production to include responsive documents beginning in November 2021, when Plaintiff began working at the Jessup location. Additionally, Defendant shall supplement specific interrogatory answers as detailed below.

**Interrogatory No. 1**

Interrogatory No. 1 requests that Defendant identify every person who contributed information used in responding to Defendant's interrogatories, requests for production, and requests for admission, identify the information each person provided, and specify by number the interrogatory or document request each person responded to. ECF No. 40-2 at 9. Plaintiff argues Defendant's response fails to identify all individuals who contributed responsive information. ECF No. 40-1 at 4. Specifically, Plaintiff contends that communications involving certain witnesses may not have been captured, preventing Plaintiff from understanding whether Defendant adequately investigated the facts underlying the discovery responses. *Id.* at 3-4.

Defendant responds that it identified the individuals with relevant knowledge and has no obligation either to designate a separate person with personal knowledge to answer each interrogatory, nor to provide the "granular attribution" that Plaintiff seeks regarding the source of information for each interrogatory. ECF No. 42 at 4-5. At the hearing, Defendant argued that requiring disclosure of counsel's investigative process implicates attorney work product by revealing counsel's investigation strategy. Defendant represented that it interviewed witnesses beginning with its preparations for the antecedent EEOC proceedings, and identified Becky Taylor, Cassie Greene, and Sarah Hooker as contributors to the interrogatory responses.

The Court is satisfied, based on Defense Counsel's representations at the hearing, that Defendant conducted a reasonable inquiry into the individuals identified as possessing relevant information. Under these circumstances, Federal Rules of Civil Procedure 33 does not require Defendant to identify which individual supplied information for each interrogatory response or otherwise disclose each step of counsel's investigative process. Accordingly, Plaintiff's motion to compel a supplemental response to Interrogatory No. 1 is denied.

**Interrogatories Nos. 7, 9, 10, 18, and 20**

These interrogatories seek identification and description of documents and communications concerning Plaintiff's accommodation requests, medical condition, medical documentation, termination, and protected activity. ECF No. 40-2 at 10-11.

Plaintiff argues Defendant's responses are incomplete because Defendant failed to adequately investigate witnesses identified elsewhere in discovery. ECF No. 40-1 at 5-6. Plaintiff contends that if witnesses identified in Interrogatory No. 2 were not asked about these communications, Defendant cannot represent that no additional responsive communications exist. *Id.* Defendant argues it has produced all responsive documents and communications in its possession. ECF No. 42 at 5-6. At the hearing, Defendant represented that each identified witness was interviewed at least once and that, given the age of the events, witnesses simply do not recall additional details beyond those reflected in the produced documents. Defendant maintains that documents relating to any memorialized communications have already been produced, that no witness recalled oral conversations other than those memorialized, and that no further responsive information exists.

The Court agrees that Defendant cannot be required to reconstruct non-memorialized conversations or create a chronology of events where witnesses have no independent recollection. However, while "[f]urther inquiry into the details of any communication may be done through deposition," it is reasonable to require that a party disclose, to the extent known, the "date, location, participants, and general nature of the [oral] communication." *Bonumose Biochem, LLC v. Yi-Heng Zhang*, No. 3:17-CV-00033, 2018 WL 10068639, at *4 (W.D. Va. Sep. 10, 2018).

Accordingly, Plaintiff's motion is granted in part with respect to Interrogatories Nos. 7, 9, 10, 18, and 20 as follows: Defendant shall make a further inquiry of the individuals previously consulted and supplement its responses to identify, for each oral communication reflected in the produced documents, the date, location, participants, and general nature of the communication, to the extent that information is known and not already reflected in the documents.

**Interrogatory No. 13**

Plaintiff withdrew its challenge to Defendant's response to Interrogatory No. 13. ECF No. 40-1 at 7; ECF No. 42 at 6. Accordingly, the motion to compel is denied as moot as to Interrogatory No. 13.

3

**Interrogatory No. 15/ Request for Production No. 15**

Request for Production 15 requests documents and communications related to Plaintiff's work schedule and task assignments; Interrogatory 15 requests identification of dates and times when Plaintiff was assigned to work the "anchor register." ECF No. 40-3 at 9; ECF No. 40-2 at 15.

At the hearing, Plaintiff withdrew the request to compel production of daily, task-level schedules that Defendant represented are no longer in its possession, while reserving the right to revisit the issue if future discovery suggests responsive documents were withheld or improperly destroyed. Plaintiff additionally sought information regarding other employees working during Plaintiff's shifts, reasoning that knowing which other employees were available to work various assignments could help reconstruct Plaintiff's assignment to the "anchor register." Defendant responds that it produced all available weekly schedules and the limited daily schedules that remain, and that Plaintiff's expanded request concerning other employees exceeds the scope of the interrogatory. *See* ECF No. 42 at 7-9.

The Court agrees that Plaintiff's present request regarding other employees' schedules extends beyond the scope of Interrogatory No. 15 and Request for Production No. 15, which concern solely Plaintiff's work assignments rather than the assignments of co-workers. Accordingly, the motion to compel is denied in that respect.

The parties also disagree over the appropriate date range; for the reasons stated *supra*, the motion to compel is granted with respect to any as-yet-unproduced work schedules of Plaintiff dated between November 1, 2021 and January 2, 2024. To the extent Defendant is aware of any specific dates and times on which Plaintiff was assigned to the "anchor register" between November 1, 2021 and January 2, 2024, it shall also supplement its response to Interrogatory No. 15 with this information.

**Interrogatory Nos. 23 and 24**

Interrogatories No. 23 and 24 seek information about the termination of other employees at Defendant's Jessup, Maryland location between October 2021 and January 2024, including information about whether terminated employees had received warnings prior to termination, had disabilities, or had engaged in protected activity. ECF No. 40-2 at 11.  Following some back-and-forth, Defendant produced information limited to employees terminated within a shorter time window, who had been supervised by Cassie Green, and who had engaged in what Defendant considered "substantially similar conduct (specifically, refusal to comply with MOM's policies and management directives, and failure to correct their behavior after repeated coaching from members of MOM's management team)." ECF No. 42 at 12.

Plaintiff contends comparator discovery should cover the full period requested; should include employees supervised by Becky Taylor because Taylor also supervised Plaintiff during the period when Plaintiff was allegedly receiving informal accommodations; should include employees whose terminations involved H.R. official Sarah Hooker, who allegedly participated in Plaintiff's termination decision; and should include "information about the protected class of the identified comparators." ECF No. 40-1 at 8-9. *Id.* At the hearing Plaintiff also argued that the

information should include whether the terminated employees had received disability accommodations and, if so, the nature of the accommodations. Plaintiff also argued that the response should include individuals who had engaged in protected activity and were *not* terminated.

Defendant responds that Plaintiff has improperly broadened the interrogatories beyond their original scope by reframing them as comparator requests; that Plaintiff has not pled a comparator theory; and that the expansion to Taylor and Hooker is not supported by the record. ECF No. 42 at 10-12.

For another employee to serve as a valid comparator, "the plaintiff must produce evidence that the plaintiff and comparator 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)).

The Court agrees that information about terminated employees supervised by Becky Taylor is discoverable because she also supervised Plaintiff; but finds that information about employees whose terminations involved Sarah Hooker would be disproportionate to the needs of the case given that Ms. Hooker's role was as an HR officer and not a direct supervisor of employees in Plaintiff's position. For the reasons stated *supra*, the Court agrees that November 1, 2021 through January 2, 2024 is the appropriate period.

The Court agrees that including all terminated employees within the above scope is too broad, but also finds the Defendant's interpretation too narrow. At the hearing, Plaintiff suggested that relevant points of comparison could be employees who were engaged in protected activity, and employees who had disabilities, including both those who did and did not receive disability accommodations. These categories are sufficiently within the bounds of Interrogatory 24 that the Court will permit Plaintiff to propound a supplemental interrogatory on this topic, to clarify the request. However, information about employees who were *not* terminated is clearly outside the plain language of these interrogatories, which focus exclusively on terminated employees.

### Request for Production No. 19

Request for Production 19 sought "any and all documents and communications that refer or relate to compensation of Team Members." ECF No. 40-3 at 9. Plaintiff argues that compensation information for other employees is needed to support Plaintiff's proof of damages. In particular, Plaintiff argues that a backpay award should include salary increases from raises and promotions Plaintiff might have received had they remained employed with Defendant, and that this may be established by using other MOM's employees' salaries as proxies. ECF No. 40-1 at 12.

Defendant responds that compensation information for other employees is irrelevant, arguing that compensation increases at MOM's were based on performance and that Plaintiff cannot establish with certainty that they would have received a raise at any point. Defendant further argues that promotions were based on expressed interest and an application process and that

Plaintiff did not apply for a promotion at any time during their employment with Defendant. ECF No. 42 at 13.

At the hearing, counsel for the Defendant represented that she did investigate with her clients whether there were any lockstep or cost-of-living-adjustment raises that applied to all MOM's employees in Plaintiff's former position following Plaintiff's termination, but that no such information existed.

The Court concludes that based on the information currently available, any relationship between the compensation of specific employees and salary increases that Plaintiff might have received had they remained employed with Defendant is too speculative to justify discovery of specific employees' compensation. However, the Court also concludes that information about lockstep or cost-of-living-adjustment raises applicable to most or all MOM's employees at Plaintiff's former store location would be both relevant and proportional. The Court credits defense counsel's representation that she had inquired about such information and was aware of none. But Plaintiff should be permitted to inquire further into this question with Defendant.  Accordingly, the Court will permit Plaintiff to propound a supplemental interrogatory and/or document request limited to this narrow question.

## **Conclusion and Order**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Compel, ECF No. 40-1, is GRANTED IN PART AND DENIED IN PART, as follows:

1. Defendant shall supplement its responses to all requests for production of documents to include responsive documents dated November 1, 2021 through January 31, 2024.

2. Defendant shall supplement its responses to Interrogatories Nos. 7, 9, 10, 18, and 20 by making further inquiry of the individuals previously consulted and to identify, for each oral communication reflected in the produced documents, the date, location, participants, and general nature of the communication, to the extent that information is known and not already reflected in the documents.

3. To the extent Defendant is aware of any specific dates and times on which Plaintiff was assigned to the "anchor register" between November 1, 2021 and January 2, 2024, it shall supplement its response to Interrogatory No. 15 with this information.

4. Plaintiff may propound a supplemental interrogatory clarifying its requests in Interrogatory Nos. 23 and 24. The interrogatory may seek information on employees terminated between November 1, 2021 and January 2, 2024 who were supervised by Cassie Green or Becky Taylor.  The criteria for selecting employees must fall within the bounds of Interrogatory No. 24.

5. Plaintiff may propound a supplemental interrogatory and/or supplemental request for production of documents regarding lockstep or cost-of-living-adjustment pay raises applicable to most or all employees at Plaintiff's Jessup, Maryland location from January 2, 2024 (the date of Plaintiff's termination) through the present.

6.   The Motion is denied in all other respects.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Sincerely,

_____/s/_____
Douglas R. Miller
United States Magistrate Judge